822

Jewel M. MORTENSEN,
Plaintiff-Appellant,

v.

Howard H. CALLAWAY (Martin Hoffman), Secretary, United States Department of the Army, Defendants-Appellees.

No. 80–1726.

United States Court of Appeals,
Tenth Circuit.

March 18, 1982.

Brad L. Swaner of Swaner & Taylor, Salt Lake City, Utah, for plaintiff-appellant.

Ralph H. Johnson, Asst. U. S. Atty., Salt Lake City, Utah (Wallace Boyack, Asst. U. S. Atty., and Ronald L. Rencher, U. S.

Atty., Salt Lake City, Utah, on brief), for defendants-appellees.

Before SETH, Chief Judge, and LOGAN and SEYMOUR, Circuit Judges.

LOGAN, Circuit Judge.

Jewel Mortensen, a civilian chemist working for the United States Army's Dugway Proving Ground in Utah, asserts she was passed over for a position as supervisory chemist because she is a woman, in violation of the equal rights guarantees of Title VII, specifically 42 U.S.C. § 2000e–16(a) (employment discrimination in federal government). Further, Mortensen argues that after she complained of discrimination she suffered retaliatory harassment, in violation of 42 U.S.C. § 2000e–3(a), that was not fully remedied in administrative proceedings she pursued. On appeal we agree with her contention that she made a prima facie showing of sexual discrimination, but we affirm the trial court's conclusions denying Mortensen relief.

Sitting without a jury, the trial court held that Mortensen had failed to make a prima facie case; but that even if Mortensen had established a prima facie case, the Army had satisfactorily rebutted it by showing a legitimate reason for choosing another for the position. As to Mortensen's claim of retaliatory harassment, the trial court found that the incidents of which she complained were not the product of retaliation, but had resulted from the new supervisor's efforts to enforce the installation's work rules and from a clash of personalities between Mortensen and the new supervisor. Our review of the trial court's factual findings is limited to whether they were clearly erroneous. *Williams v. Colorado Springs School Dist.*, 641 F.2d 835, 843 (10th Cir. 1981).

■ Relying on *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), the trial court held that to establish a prima facie case of disparate treatment, Mortensen had to show (1) she belonged to a class protected by Title VII; (2) she applied for a promotion for which she was qualified; (3) she was rejected for that position; and (4) after her rejection, the position remained vacant. Because Mortensen failed to show that the position had remained open, the trial court found that she had not established a prima facie case. But the *McDonnell Douglas* criteria are "not necessarily applicable in every respect to differing factual situations." *Id.* at 802 n.13, 93 S.Ct. at 1824. Under the circumstances of this case, Mortensen established a prima facie case by fulfilling *McDonnell Douglas*'s first three criteria and showing that the position was filled by another. *See Aikens v. United States Postal Serv.*, 642 F.2d 514, 517 (D.C.Cir.1980), *cert. denied*, 453 U.S. 902, 101 S.Ct. 3135, 69 L.Ed.2d 989 (1981); *Stastny v. Southern Bell Tel. & Tel. Co.*, 628 F.2d 267, 281 (4th Cir. 1980); *Ambush v. Montgomery County Gov't Dep't of Finance*, 620 F.2d 1048, 1052 (4th Cir. 1980).

■ The trial court also found that even if Mortensen had established a prima facie case, thus shifting to the employer the burden of articulating a legitimate, nondiscriminatory reason for her rejection, *see Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981), the Army had met its burden by showing "a legitimate basis for concluding that the party selected was relatively more qualified and had a higher probability of success in that position." Considerable evidence supports that conclusion. Doctor Kenneth Brauner, head of the Chemical Laboratory Division, was responsible for recommending a new branch supervisor. The civilian personnel office gave him a list of three individuals qualified for the position. One of them, he learned, was not interested in the position. The other two candidates were Mortensen and John Van Liere. Brauner had known and worked with Mortensen for approximately ten years and with Van Liere for six years. To assess their suitability for the position, Brauner assigned each of them to the position of branch supervisor for sixty days. At the end of that time he interviewed them both, asking the same nine questions

which ranged from why they wanted the position to what changes in branch organization they would recommend. Brauner evaluated them according to forty-two attributes he believed were important for the managerial position, and as to each attribute he gave them a numeric rating from zero to four. These attributes were grouped under the general categories of Technical, Quantity and Timeliness, Written Communication, Oral Communication, Cooperation/Consideration, Personal Relations, Stability, Supervision, and Administration.[1] Mortensen's average score on these attributes was 2.05, and Van Liere's was 2.63. Additionally, Brauner reviewed the candidates' personnel files before making his recommendation. The trial court found Brauner had recommended Van Liere for the position based on Brauner's legitimate, objective belief that Van Liere was more qualified and more likely to be a successful branch supervisor. We cannot say that finding was clearly erroneous.

■ Mortensen also claims she proved a prima facie case of disparate impact. To do so, she needed to show that the Army utilized employment practices that, while facially neutral in their treatment of different groups, had a discriminatory effect or impact on a particular group. *EEOC v. Navajo Refining Co.*, 593 F.2d 988, 990 (10th Cir. 1979). But while Mortensen introduced statistics showing a lack of women supervisors in test operations at the Army's Dugway Proving Ground in Utah, she has not pointed to any employment practice that, neutral on its face, has caused women not to be promoted to supervisory positions.

■ Mortensen next contends that she suffered harassment as retaliation for her complaint of discrimination in being passed over for the supervisory position. The trial court found that most of the alleged retaliatory incidents resulted from personality differences between Mortensen and Van Liere, and from Van Liere's efforts to enforce established rules not enforced by the predecessor supervisor. Under the "clearly erroneous" standard of review, we must affirm the trial court's finding of no retaliatory harassment.

■ Mortensen's final contention is that she is entitled to the attorney's fees and expenses she incurred in correcting two discriminatory evaluations ("career appraisals") she received after Van Liere was appointed supervisor. When she complained of the evaluations, the Army retracted them because it found they were unfair, though not the product of sexual discrimination. The Army then replaced them with two evaluations of which Mortensen does not complain. Mortensen alleges she suffered injury because the unfair evaluations were temporarily part of her personnel file. Those evaluations were made after the supervisory position was filled. Mortensen has not alleged any specific injury as a result of the unfair evaluations, except for the attorney's fees and expenses she incurred in pursuing her complaint. The award of attorney's fees is subject to the trial court's discretion, 42 U.S.C. § 2000e–5(k), and the trial court may consider the extent to which the plaintiff failed to prevail on her other claims. *See Adams v. Reed*, 567 F.2d 1283, 1287–88 (5th Cir. 1978). We find no abuse in its failure to award attorney's fees in the instant case.

AFFIRMED.

---

1. Mortensen contends the Army never showed these attributes were relevant to the position. However, technical knowledge, ability to communicate, and ability to delegate responsibility are obviously relevant to the position of supervisory chemist. Mortensen also contends that the Army had to justify these evaluative considerations as "testing or measuring procedures," *see Griggs v. Duke Power Co.*, 401 U.S. 424, 436, 91 S.Ct. 849, 856, 28 L.Ed.2d 158 (1971), and that the Army should have published them to inform applicants of qualifications the position required. However, these were not criteria an employee had to meet or tests an employee had to pass in order to be considered for the position.