[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 12 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13155

_____

D. C. Docket No. 05-20259-CV-UUB

MANUEL MOLINA,

Plaintiff-Appellant,

versus

UNITED STATES POSTAL SERVICE,
John Potter Postmaster
General of the United States
Postal Service Agency,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 12, 2007)**

Before CARNES, WILSON and WALTER,* Circuit Judges.

_____

*Honorable Donald E. Walter, United States District Judge for the Western District of
Louisiana, sitting by designation.

PER CURIAM:

Manuel Molina appeals the grant of summary judgment against him in the employment discrimination lawsuit he brought against the United States Postal Service under the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e et. seq.. Molina contends that the district court erred in concluding that he had not demonstrated an adverse employment action for purposes of his disparate treatment and retaliation claims. Although we agree with that contention, we nonetheless conclude that the district court properly granted summary judgment on each of the claims based on adequate alternative reasons.

## I. Disparate Treatment

Molina argues that his transfer from Miami to Ft. Lauderdale increased his daily commute by as much as four hours. The district court found that the transfer was not an adverse action because "[m]ere reassignment to a more inconvenient position is insufficient." This circuit analyzes whether a transfer constitutes an adverse employment action using a test of objective reasonableness. See Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 513 (11th Cir. 2000); Doe v. DeKalb County Sch. Dist., 145 F.3d 1441, 1449 (11th Cir. 1998). The district court should have first determined the nature and impact of the transfer and then asked whether a reasonable person in Molina's position would have found the

transfer to be adverse under all the facts and circumstances.  Johnson, 234 F.3d at 513 (citing Doe, 145 F.3d at 1453–54).

Nonetheless, Molina's brief does not even attempt to challenge the district court's alternative finding that he has not demonstrated that the Postal Service treated similarly situated employees more favorably.  Issues or arguments not raised in a party's briefs are abandoned.  Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004); Adler v. Duval County Sch. Bd., 112 F.3d 1475, 1481 n.12 (11th Cir. 1997); Marek v. Singletary, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995).  Even if Molina had not abandoned it, our independent review of the record confirms the district court's analysis of the similarly situated employees issue.  The Postal Service was entitled to summary judgment on the disparate treatment claims.

## II.  Retaliation

Regarding Molina's retaliation claims, the district court found that Molina was not engaged in a protected activity because to be so engaged "the employee needs to have a reasonable belief that the employer has engaged in unlawful employment practices and communicate his belief that discrimination is occurring to the employer."  That standard traces back to our decision in Rollins v. State of Florida Department of Law Enforcement, 868 F.2d 397 (11th Cir. 1989), which

3

interpreted a particular part of 42 U.S.C. § 2000e-3(a), the statute that declared

retaliation unlawful. That statute reads in relevant portion:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a). Rollins interprets the clause "because he has opposed any

practice made an unlawful employment practice by this subchapter." 868 F.2d 397

at 400. However, § 2000e-3(a) also prohibits discrimination because an employee

"has made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under this subchapter." Id. Molina alleges

that the Postal Service retaliated against him because he recommended a sanction

for an employee whom he was investigating for violating employment

discrimination law which was more lenient than the Service wanted. Molina's

participation as a designated investigator and the recommendation that he made in

that capacity was "participating in any manner in an investigation." If the Postal

Service took adverse action against him because of that participation—as

distinguished from his allegedly improper behavior towards his female

subordinates who had made the claims he was investigating—that would be

prohibited retaliation.

4

The district court also found that Molina had not demonstrated an adverse employment action sufficient to state a prima facie case of retaliation. Subsequent to the district court's decision about that, the United States Supreme Court decided <u>Burlington Northern and Santa Fe Railway Co. v. White</u>, ___ U.S. ___, ___, 126 S. Ct. 2405, 2409 (2006), which held that in order to succeed on a retaliation claim a plaintiff is not required to prove an adverse employment action. Instead, "the provision covers those (and only those) employer actions that would have been materially adverse to a reasonable employee or job applicant." <u>Id.</u> Thus, were remand necessary, the district court would need to decide whether a reasonable employee would have found the transfer to Ft. Lauderdale to be materially adverse.

However, remand is not necessary because we fully agree with the district court's alternative finding that even if Molina has stated a prima facie case, he has not presented evidence sufficient to permit a reasonable factfinder to conclude that the Postal Service transferred him, or refused to transfer him back, for a retaliatory purpose rather than for his inappropriate treatment of several of his female subordinates during the investigation he was conducting. After Molina recommended a light sanction in the case, the Postal Service took no action against him for sixteen months. It began investigating him only after an administrative

5

law judge had found that six witnesses presented credible testimony that Molina had been verbally abusive and threatening toward the four women. Even then, the Postal Service proceeded cautiously, ordering a full investigation and then decreasing the discipline one official recommended be imposed on Molina. Nothing that Molina presented to the district court casts doubt on the reasons the Postal Service has given for disciplining him, which is to say no reasonable jury could find that he was transferred or denied a transfer for any reason other than the non-retaliatory one the Service proffered.

**AFFIRMED.**