COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-06-093-CV

 

 

SCOTT WILBER                                                                   APPELLANT

 

                                                   V.

 

COX COMMUNICATIONS, INC.,

COX SOUTHWEST HOLDINGS, L.P. 

D/B/A COX COMMUNICATIONS A/K/A 

COX COMMUNICATIONS, INC., 

TCA INTERESTS, L.L.C., A GENERAL PARTNER 

FOR COX SOUTHWEST HOLDINGS, L.P. AND/OR

THE ENTITY THAT EMPLOYED SCOTT WILBER

AS OF FEBRUARY 2,
2004, UNDER RULE 28                            APPELLEES

 

                                              ------------

 

            FROM
THE 415TH DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

 

Scott Wilber appeals from a summary judgment rendered for appellees
on  

 

 








Wilber=s wrongful termination claim.[2]  In four issues, Wilber complains that the
trial court improperly granted the motion. 
We affirm.

Wilber worked in the cable
industry for eighteen years for appellees and their predecessor, ultimately
serving as a field service manager in Mineral Wells, Texas.  In early 2004, following the discovery of
another employee=s misconduct
and an investigation into Wilber=s knowledge of the wrongdoing, Wilber was fired for failing to
safeguard company assets and equipment. 

Wilber then sued appellees,
claiming that they had retaliated against him because he opposed and complained
about discriminatory hiring practices on two different occasions.[3]  Appellees moved for summary judgment on
several grounds, including that Wilber had not engaged in a protected activity
as a matter of law.  The trial court
granted summary judgment without specifying the ground relied on. 








In his first issue, Wilber
complains that the summary judgment for appellees is improper because there is
some evidence that he engaged in a protected activity by reporting the alleged
discriminatory hiring practices. 








A defendant who conclusively
negates at least one essential element of a cause of action is entitled to
summary judgment on that claim.[4]  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s favor.[5]  Evidence favorable to the movant=s position will not be considered unless it is uncontroverted.[6]  If such uncontradicted evidence is from an
interested witness, it does nothing more than raise a fact issue unless it is
clear, positive and direct, otherwise credible and free from contradictions and
inconsistencies, and could have been readily controverted.[7]  When, as here, a trial court grants summary
judgment without specifying the ground or grounds relied on, we will affirm the
summary judgment if any of the theories presented to the trial court and
preserved for our review are meritorious.[8]  

To establish a prima facie
case of retaliation, an employee must show that (1) he engaged in a protected
activity and (2) the employer took an adverse employment action against him (3)
because of his participation in the protected activity.[9]  In order to constitute a protected activity,
the action taken by the employee must be adverse to the employer.[10]  Such activities include opposing a
discriminatory practice; making or filing a charge; filing a complaint; or
testifying, assisting, or participating in any manner in an investigation,
proceeding, or hearing.[11]  








In this case, Wilber claims
he Aopposed@ and Acomplained about@ unlawful
discrimination.  To establish that he Aopposed@[12] a discriminatory practice, Wilber was required to demonstrate a good
faith, reasonable belief that his employer=s underlying discriminatory practice violated the law and that he
reported the challenged activity to the employer.[13]  Reasonable belief consists of subjective and
objective components.[14]  First, a plaintiff must establish that he
subjectively, in good faith, believed that his employer was engaged in unlawful
employment practices.[15]  Second, he must establish that his belief was
objectively reasonable in light of the facts presented.[16]









Wilber also asserts that he Acomplained about@[17] reverse racial discrimination. 
Under section 21.055(3) of the labor code, an informal, internal
complaint to a supervisor about an unlawful employment practice is a protected
complaint;[18]
however, as with Aopposing@ discrimination, the employee=s belief that his employer engaged in an unlawful employment practice
must be reasonable.[19]  








Here, the summary judgment
evidence shows as follows:  Wilber made
his first allegation of reverse discrimination in connection with the hiring of
a field system supervisor.[20]  Wilber participated in the interview process,
but his immediate supervisor, Alphy Jurarim, made the ultimate hiring decision.  Wilber recommended Jerry Howard, an in-house
candidate who is white, because Howard had a particular kind of Aheadend@ technical
experience that Wilber considered valuable. 
Jurarim believed supervisory experience was more important for the
position and offered the job to Sean Donohoo, who is white, and then to Jimmy
Benjamin, who is black.  Benjamin failed
a background check and was never hired. 
In July 2003, Wilber told Jurarim that Ait was probably fortunate that Mr. Benjamin didn=t get hired because [Wilber] felt like Mr. Howard would have had a
discrimination case had [Benjamin] been hired.@          Mentioning an applicant=s possible discrimination claim in the context of a discussion among
supervisors about whom to hire is not necessarily an action that is adverse to
the employer; therefore, it is not necessarily a protected activity.[21]  Further, even if Wilber=s remark about Howard to Jurarim was an allegation of discrimination,
Wilber=s belief that Jurarim=s offering the job to Benjamin was discriminatory was not objectively
reasonable.  Wilber admitted that
Benjamin was a worthy candidate, had more management experience than Howard,
and interviewed well.  Wilber also
testified that he knew Jurarim tried to hire at least one white candidate
before he even interviewed Benjamin. 
Therefore, even if Wilber subjectively believed appellees had engaged in
reverse discrimination, under these facts his belief was not objectively
reasonable.








Wilber=s second allegation of discrimination involved the hiring of a
customer service representative.  On
January 28, 2004, he told Jurarim that another employee, Chad Harris, had made
a Apossible discrimination complaint@ concerning the hiring of Letanya Shultz because Schultz told Harris
that the only reason she was hired was her friendship with human resources
employee Broderick McGee.  Wilber was
concerned that the claim had merit because both Schultz and McGee are
black.  Neither Wilber nor Harris was
involved in Schultz=s hiring,
however, or knew of her qualifications at the time of the allegation.  Further, Wilber did not recall whether he
mentioned to Jurarim that either he or Harris believed that Schultz was hired
because of her race.  








The January 2004 allegation
does not constitute protected activity for several reasons.  First, merely relaying another employee=s concern is not a protected activity; rather, the discrimination
plaintiff must prove that he personally opposed the practice.[22]  Second, Wilber acknowledged that he did not
recall whether he told Jurarim that Harris=s complaint was of racial discrimination.  Hiring a particular person simply because of
a friendship is not unlawful.[23]  Finally, Wilber admitted that he and Harris
had no personal involvement with the hiring process and did not know how
Schultz compared to other applicants. 
Indeed, there is no evidence of the races of other applicants.  Based on such scant information, Wilber could
not have held an objectively reasonable belief that the decision to hire
Schultz was discriminatory.[24]

For these reasons, we hold
appellees conclusively negated the protected-activity element of Wilber=s retaliation claim.  Therefore,
the trial court properly granted appellees= motion for summary judgment. 
We overrule Wilber=s issues and
affirm the trial court=s judgment.[25]   

PER CURIAM

PANEL A: 
CAYCE, C.J.; HOLMAN and MCCOY, JJ.

DELIVERED: 
July 19, 2007                           











[1]See Tex. R. App. P. 47.4.





[2]Wilber
sued several related entities, who were all granted summary judgment: Cox
Communications, Inc., Cox Southwest Holdings, L.P. d/b/a Cox Communications
a/k/a Cox Communications, Inc., TCA Interests, L.L.C., a general partner for
Cox Southwest Holdings, L.P., and/or the entity that employed Scott Wilber as
of February 2, 2004, under Rule 28.  We
refer to these parties collectively as Aappellees.@





[3]See Tex. Lab. Code Ann. '
21.055 (Vernon 2006). 





[4]IHS
Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason, 143
S.W.3d 794, 798 (Tex. 2004); see Tex.
R. Civ. P. 166a(b), (c).  





[5]IHS
Cedars Treatment Ctr., 143 S.W.3d at 798.





[6]Great
Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391
S.W.2d 41, 47 (Tex. 1965).





[7]Tex. R. Civ. P. 166a(c); Trico Techs.
Corp. v. Montiel, 949 S.W.2d 308, 310 (Tex. 1997).





[8]Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex.
2003).





[9]Byers
v. The Dallas Morning News, Inc., 209 F.3d 419, 427 (5th Cir.
2000).





[10]See
Claudio-Gotay v. Becton Dickinson Caribe, Ltd., 375
F.3d 99, 102B03
(1st Cir. 2004) (reporting possible violations in furtherance of job
responsibilities was not protected activity in FSLA retaliation case), cert.
denied, 543 U.S. 1120 (2005); EEOC v. HBE Corp., 135 F.3d 543, 554
(8th Cir. 1998) (requiring action adverse to company in a Title VII
retaliation case); Hagan v. Echostar Satellite L.L.C., Civil Action No.
H-05-1365, 2007 WL 543441, at *5 (S.D. Tex. Feb. 16, 2007) (requiring a manager
complainant to step outside of his role representing the company in order to
engage in protected activity).





[11]Tex. Lab. Code Ann. '
21.055.





[12]Id. '
21.055(1).





[13]Byers, 209
F.3d at 428; Cox & Smith, Inc. v. Cook, 974 S.W.2d 217, 224 (Tex.
App.CSan
Antonio 1998, pet. denied).





[14]Cox
& Smith, 974 S.W.2d at 225.





[15]Id. at
225B26.





[16]Id.





[17]Tex. Lab. Code Ann. '
21.055(3).





[18]Wal-Mart
Stores, Inc. v. Lane, 31 S.W.3d 282, 286, 296 (Tex. App.CCorpus
Christi 2000, pet. denied).  See also
Rollins v. State of Fla. Dep=t of Law Enforcement, 868
F.2d 397, 400 (11th Cir. 1989) (protection afforded by the statute extends to
those who informally voice complaints to their superiors or who use internal
grievance procedures); Tex. Dep=t of Assistive and Rehab.
Servs. v. Abraham, No. 03-05-00003-CV, 2006 WL 191940, at *6 (Tex.
App.CAustin
Jan. 27, 2006, no pet.) (mem. op.) (holding an informal, internal complaint of
sexual harassment to a supervisor was a protected complaint under section
21.055(3)).





[19]Lane, 31
S.W.3d at 296.





[20]Taking
as true all evidence favorable to Wilber, we assume that he made both
complaints although Jurarim denies receiving either one. 





[21]See supra
note 10.





[22]See
Attieh v. Univ. of Tex. at Austin, No. 03-04-00450-CV, 2005 WL
1412124, at *6 (Tex. App.CAustin
June 16, 2005, no pet.) (mem. op.) (noting that for the plaintiff to establish
that she engaged in a protected activity, she must prove that she
opposed her employer=s
allegedly discriminatory practices, not that third parties did); Graves v.
Komet, 982 S.W.2d 551, 555B56 (Tex. App.CSan
Antonio 1998, no pet.) (holding supervisor who reported another employee=s
complaints did not engage in protected activity).





[23]See
Martin v. Kroger Co., 65 F. Supp. 2d 516, 553 (S.D. Tex. 1999)
(noting an employer need not have good cause for employment decisions, but may
hire or fire an employee for a good reason, a bad reason, a reason based on
erroneous facts, or for no reason at all, as long as its action is not for an
unlawful, discriminatory reason), aff=d, 224
F.3d 765 (5th Cir. 2000). 





[24]See
Cox & Smith, 974 S.W.2d at 225B26.





[25]In
light of our disposition of Wilber=s first issue, we need not
address his remaining issues.  See
Tex. R. App. P. 47.1.