COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-093-CV

SCOTT WILBER APPELLANT

V.

COX COMMUNICATIONS, INC.,

COX SOUTHWEST HOLDINGS, L.P. 

D/B/A COX COMMUNICATIONS A/K/A 

COX COMMUNICATIONS, INC., 

TCA INTERESTS, L.L.C., A GENERAL PARTNER 

FOR COX SOUTHWEST HOLDINGS, L.P. AND/OR

THE ENTITY THAT EMPLOYED SCOTT WILBER

AS OF FEBRUARY 2, 2004, UNDER RULE 28 APPELLEES

------------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Scott Wilber appeals from a summary judgment rendered for appellees 
on  

Wilber’s wrongful termination claim.
(footnote: 2)  In four issues, Wilber complains that the trial court improperly granted the motion.  We affirm.

Wilber worked in the cable industry for eighteen years for appellees and their predecessor, ultimately serving as a field service manager in Mineral Wells, Texas.
  In early 2004, following the discovery of another employee’s misconduct and an investigation into Wilber’s knowledge of the wrongdoing, Wilber was fired for failing to safeguard company assets and equipment. 

Wilber then 
sued appellees, claiming that they had retaliated against him 
because he opposed and complained about discriminatory hiring practices on two different occasions.
(footnote: 3)  
Appellees moved for summary judgment on several grounds, including that Wilber had not engaged in a protected activity as a matter of law.  
The trial court granted summary judgment without specifying the ground relied on. 

In his first issue, Wilber complains that the summary judgment for appellees is improper because there is some evidence that he engaged in a protected activity by reporting the alleged discriminatory hiring practices. 

A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim.
(footnote: 4)  When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.
(footnote: 5)  
Evidence favorable to the movant’s position will not be considered unless it is uncontroverted.
(footnote: 6)  If such uncontradicted evidence is from an interested witness, it does nothing more than raise a fact issue unless it is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.
(footnote: 7)  
When, as here, a trial court grants summary judgment without specifying the ground or grounds relied on, we will affirm the summary judgment if any of the theories presented to the trial court and preserved for our review are meritorious.
(footnote: 8) 
 

To establish a prima facie case of retaliation, an employee must show that (1) he engaged in a protected activity and (2) the employer took an adverse employment action against him (3) because of his participation in the protected activity.
(footnote: 9)  
In order to constitute a protected activity, the action taken by the employee must be adverse to the employer.
(footnote: 10)  Such activities include
 opposing a discriminatory practice; making or filing a charge; filing a complaint; or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing.
(footnote: 11)  

In this case, Wilber claims he “opposed” and “complained about” unlawful discrimination.  To establish that he “opposed”
(footnote: 12) 
a discriminatory practice, Wilber was required to demonstrate a good faith, reasonable belief that his employer’s underlying discriminatory practice violated the law and that he reported the challenged activity to the employer.
(footnote: 13)  Reasonable belief consists of subjective and objective components.
(footnote: 14)  First, a plaintiff must establish that he subjectively, in good faith, believed that his employer was engaged in unlawful employment practices.
(footnote: 15)  Second, he must establish that his belief was objectively reasonable in light of the facts presented.
(footnote: 16) 

Wilber also asserts that he “complained about”
(footnote: 17) reverse racial discrimination.  Under section 21.055(3) of the labor code, an informal, internal complaint to a supervisor about an unlawful employment practice is a protected complaint;
(footnote: 18) however, as with “opposing” discrimination, the employee’s belief that his employer engaged in an unlawful employment practice must be reasonable.
(footnote: 19)  

Here, the summary judgment evidence shows as follows:  Wilber made his first allegation of reverse discrimination in connection with the hiring of a field system supervisor.
(footnote: 20)  Wilber participated in the interview process, but his immediate supervisor, Alphy Jurarim, made the ultimate hiring decision.  Wilber recommended Jerry Howard, an in-house candidate who is white, because Howard had a particular kind of “headend” technical experience that Wilber considered valuable.  Jurarim believed supervisory experience was more important for the position and offered the job to Sean Donohoo, who is white, and then to Jimmy Benjamin, who is black.  Benjamin failed a background check and was never hired.  In July 2003, Wilber told Jurarim that “it was probably fortunate that Mr. Benjamin didn’t get hired because [Wilber] felt like Mr. Howard would have had a discrimination case had [Benjamin] been hired.”  
 Mentioning an applicant’s possible discrimination claim in the context of a discussion among supervisors about whom to hire is not necessarily an action that is adverse to the employer; therefore, it is not necessarily a protected activity.
(footnote: 21)  Further, even if Wilber’s remark about Howard to Jurarim was an allegation of discrimination, Wilber’s belief that Jurarim’s offering the job to Benjamin was discriminatory was not objectively reasonable.  Wilber admitted that Benjamin was a worthy candidate, had more management experience than Howard, and interviewed well.  Wilber also testified that he knew Jurarim tried to hire at least one white candidate before he even interviewed Benjamin.  Therefore, even if Wilber subjectively believed appellees had engaged in reverse discrimination, under these facts his belief was not objectively reasonable.

Wilber’s second allegation of discrimination involved the hiring of a customer service representative.  On January 28, 2004, he told Jurarim that another employee, Chad Harris, had made a “possible discrimination complaint” concerning the hiring of Letanya Shultz because Schultz told Harris that the only reason she was hired was her friendship with human resources employee Broderick McGee.  Wilber was concerned that the claim had merit because both Schultz and McGee are black.  Neither Wilber nor Harris was involved in Schultz’s hiring, however, or knew of her qualifications at the time of the allegation.  Further, Wilber did not recall whether he mentioned to Jurarim that either he or Harris believed that Schultz was hired because of her race.  

The January 2004 allegation does not constitute protected activity for several reasons.  First, merely relaying another employee’s concern is not a protected activity; rather, the discrimination plaintiff must prove that he personally opposed the practice.
(footnote: 22)  Second, Wilber acknowledged that he did not recall whether he told Jurarim that Harris’s complaint was of 
racial
 discrimination.  Hiring a particular person simply because of a friendship is not unlawful.
(footnote: 23)  Finally, Wilber admitted that he and Harris had no personal involvement with the hiring process and did not know how Schultz compared to other applicants.  Indeed, there is no evidence of the races of other applicants.  Based on such scant information, Wilber could not have held an objectively reasonable belief that the decision to hire Schultz was discriminatory.
(footnote: 24)
 For these reasons, we hold appellees conclusively negated the protected-activity element of Wilber’s retaliation claim.  Therefore, the trial court properly granted appellees’ motion for summary judgment.  We overrule Wilber’s issues and affirm the trial court’s judgment.
(footnote: 25) 

PER CURIAM

PANEL A:  CAYCE, C.J.; HOLMAN and MCCOY, JJ.

DELIVERED:  July 19, 2007 
 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Wilber sued several related entities, who were all granted summary judgment: Cox Communications, Inc., Cox Southwest Holdings, L.P. d/b/a Cox Communications a/k/a Cox Communications, Inc., TCA Interests, L.L.C., a general partner for Cox Southwest Holdings, L.P., and/or the entity that employed Scott Wilber as of February 2, 2004, under Rule 28.  We refer to these parties collectively as “appellees.”

3:
See
 
Tex. Lab. Code Ann.
 § 21.055 (Vernon 2006)
. 

4:
IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason
,
 
143 S.W.3d 794, 798 (Tex. 2004); 
see
 
Tex. R. Civ. P.
 166a(b), (c).  

5:
IHS Cedars Treatment Ctr.
, 143 S.W.3d at 798.

6:
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).

7:
Tex. R. Civ. P.
 166a(c); 
Trico Techs. Corp. v. Montiel
, 949 S.W.2d 308, 310 (Tex. 1997).

8:
Provident Life & Accident Ins. Co. v. Knott
, 128 S.W.3d 211, 216 (Tex. 2003).

9:
Byers v. The Dallas Morning News, Inc.
, 209 F.3d 419, 427 (5th Cir. 2000).

10:
See Claudio-Gotay v. Becton Dickinson Caribe, Ltd.
, 375 F.3d 99, 102–03 (1st Cir. 2004) (reporting possible violations in furtherance of job responsibilities was not protected activity in FSLA retaliation case), 
cert. denied
, 543 U.S. 1120 (2005);
 EEOC v. HBE Corp.
, 135 F.3d 543, 554 (8th Cir. 1998)
 
(requiring action adverse to company in a Title VII retaliation case); 
Hagan v. Echostar Satellite L.L.C.
, Civil Action No. H-05-1365, 2007 WL 543441, at *5 (S.D. Tex. Feb. 16, 2007) (requiring a manager complainant to step outside of his role representing the company in order to engage in protected activity).

11:
Tex. Lab. Code Ann.
 § 21.055.

12:
Id.
 § 21.055(1).

13:
Byers
, 209 F.3d at 428; 
Cox & Smith, Inc. v. Cook
, 974 S.W.2d 217, 224 (Tex. App.—San Antonio 1998, pet. denied).

14:
Cox & Smith
, 974 S.W.2d at 225.

15:
Id.
 at 225–26.

16:
Id
.

17:
Tex. Lab. Code Ann.
 § 21.055(3).

18:
Wal-Mart Stores, Inc. v. Lane
, 31 S.W.3d 282, 286, 296 (Tex. App.—Corpus Christi 2000, pet. denied).  
See also Rollins v. State of Fla. Dep’t of Law Enforcement
, 868 F.2d 397, 400 (11th Cir. 1989) (protection afforded by the statute extends to those who informally voice complaints to their superiors or who use internal grievance procedures);
 Tex. Dep’t of Assistive and Rehab. Servs. v. Abraham
, No. 03-05-00003-CV, 2006 WL 191940, at *6 (Tex. App.—Austin Jan. 27, 2006, no pet.) (mem. op.) (holding an informal, internal complaint of sexual harassment to a supervisor was a protected complaint under section 21.055(3)).

19:
Lane
, 31 S.W.3d at 296.

20:
Taking as true all evidence favorable to Wilber, we assume that he made both complaints although Jurarim denies receiving either one. 

21:
See
 
supra 
note 10
.

22:
See Attieh v. Univ. of Tex. at Austin
, No. 03-04-00450-CV, 2005 WL 1412124, at *6 (Tex. App.—Austin June 16, 2005, no pet.) (mem. op.) (noting that for the plaintiff to establish that she engaged in a protected activity, she must prove that 
she
 opposed her employer’s allegedly discriminatory practices, not that third parties did); 
Graves v. Komet
, 982 S.W.2d 551, 555–56 (Tex. App.—San Antonio 1998, no pet.) (holding supervisor who reported another employee’s complaints did not engage in protected activity).

23:
See Martin v. Kroger Co.
, 65 F. Supp. 2d 516, 553 (S.D. Tex. 1999) (noting an employer need not have good cause for employment decisions, but may hire or fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for an unlawful, discriminatory reason), 
aff’d
, 224 F.3d 765 (5th Cir. 2000). 

24:
See Cox & Smith,
 974 S.W.2d at 225–26.

25:
In light of our disposition of Wilber’s first issue, we need not address his remaining issues
.  
See
 
Tex. R. App. P.
 47.1.