[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14779
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00548-C


BEVERLY J. BOLTON,

                                                        Plaintiff-Appellant,

versus

BALDWIN COUNTY PUBLIC SCHOOLS,

                                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(September 24, 2015)


Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Beverly Bolton, an African American woman proceeding pro se, appeals the grant of summary judgment in favor of Baldwin County Board of Education ("Board") on her claims of race discrimination and retaliation, in violation of 42 U.S.C. § 2000e-2, 3 ("Title VII") and 42 U.S.C. § 1981.  No reversible error has been shown; we affirm.

Briefly stated, Bolton's claims arise from the Board's refusal to hire Bolton as a full-time teacher.  Following an interview, the school principal recommended Bolton for an open special-education teaching position at Baldwin County High School.  Shortly thereafter, Bolton attended a new hire orientation, received keys to her classroom, and began reporting to work.

Under the Board's standard practice -- of which Bolton was made aware -- a teacher is not employed formally until her hiring is approved by the Board at a public meeting.  In addition, teachers who have not yet been hired formally by the Board are considered substitute teachers and are compensated accordingly.

As part of the Board's approval process, the Board's Human Resources Office began working to verify Bolton's teaching credentials.  Bolton was not yet certified to teach in Alabama; she was instructed and required to register for two state certification tests: a basic skills test and Praxis II.  Bolton was told she needed

2

to register for the next administration of each test before the Board's next meeting so that the Board could approve formally Bolton's hiring. Although Bolton registered for the state-required certification tests, she failed to register for the next available testing date, as instructed.

The Human Resources Office also concluded that Bolton failed to provide proper professional references in support of her employment application. All applicants were required to submit professional references, defined as references from "previous supervisors or coworkers." On her application, however, Bolton identified her references only as "friends."

As a result of Bolton's failure to register properly for the state-required certification tests and her failure to provide proper professional references, the Human Resources Office was unable to process Bolton's application in time for the Board's next meeting. The Human Resources Office, together with the school principal, then decided to cancel Bolton's recommendation for employment. Bolton received substitute teacher pay for the days she worked.

Bolton filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging race discrimination. The EEOC dismissed the complaint and issued Bolton a right-to-sue letter.

Bolton then filed this civil action against the Board, alleging both race discrimination and retaliation. The district court concluded that Bolton failed to

3

establish a prima facie case of race discrimination because she failed to show that she was treated differently than a similarly-situated person outside her protected class. The district court also determined that the Board had identified legitimate, non-discriminatory reasons for refusing to hire Bolton full-time and that Bolton failed to show that the Board's reasons were pretexts for race discrimination. The district court next concluded that Bolton failed to establish a prima facie case of retaliation because she had engaged in no statutorily-protected activity.

We review de novo the district court's grant of summary judgment, "construing all facts and drawing all reasonable inferences in favor of the nonmoving party." Jones v. UPS Ground Freight, 683 F.3d 1283, 1291-92 (11th Cir. 2012). We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

I.

To establish a prima facie case of race discrimination under both Title VII and section 1981,[1] a plaintiff must prove (1) that she belongs to a protected class; (2) that she suffered an adverse employment action; (3) that the employer treated

---

[1] "The elements of a claim of race discrimination under 42 U.S.C. § 1981 are also the same as a Title VII disparate treatment claim in the employment context." Rice-Lamar v. City of Fort Lauderdale, 232 F.3d 836, 843 n.11 (11th Cir. 2000).

similarly-situated people outside her protected class more favorably; and (4) that she was qualified to do the job. McCann v. Tillman, 526 F.3d 1370, 1373 (11th Cir. 2008). To satisfy this initial burden, a plaintiff must show she and the non-minority employees, whom plaintiff alleges were treated more favorably, are similarly situated in all pertinent respects. Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). Summary judgment is proper if a plaintiff fails to show the existence of a similarly-situated employee and no other evidence of discrimination exists. Id.

Bolton has failed to identify a similarly-situated applicant that was treated more favorably. First, the Board imposed the same procedural requirements on Bolton as it did on other non-minority teacher applicants. The record shows that Melissa Miller,[2] a white applicant, was required -- like Bolton -- to register for the next administration of required certification tests before the Board's next public meeting.[3] Miller was also required to submit professional references in support of her application. And Miller was entitled only to substitute teacher pay until she was hired formally by the Board.

---

[2] Bolton raises no challenge to the district court's determination that Carolina Smoak was no valid comparator. Bolton has abandoned this argument on appeal. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

[3] Bolton provides no record evidence supporting her contention that Miller needed to take and was not required to register for the basic skills test. Although we must construe the evidence in the light most favorable to Bolton, mere conclusions and unsupported factual allegations raise no genuine issue of fact sufficient to defeat a motion for summary judgment. See Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005).

Unlike Bolton, however, Miller complied in full with the Board's application instructions and requirements. As a result, Miller's employment application was submitted in time for the Board's next meeting, during which Miller's full-time employment was approved. Because Bolton failed to follow instructions and to satisfy the Board's application requirements, Miller and Bolton are not similar in all pertinent respects; and Miller is no valid comparator. See Holifield, 115 F.3d at 1562. Bolton failed to identify a valid comparator and has presented no other evidence of discrimination and, thus, has failed to establish a prima facie case of discrimination.[4] The district court committed no error in entering summary judgment on Bolton's race discrimination claim.

## II.

About Bolton's retaliation claim, employers are barred under both Title VII and section 1981 from retaliating against an employee or an applicant for employment who engages in statutorily-protected activity. See 42 U.S.C. § 2000e-3(a); Chapter 7 Tr. v. Gate Gourmet, Inc., 683 F.3d 1249, 1257-58 (11th Cir.

---

[4] Moreover, even if we assume -- without deciding -- that Bolton could establish a prima facie case of race discrimination, Bolton has raised no challenge to the district court's alternative independent ruling that Bolton failed to show that the Board's legitimate, non-discriminatory reasons -- including failure to follow instructions -- for not hiring Bolton were a pretext for race discrimination. Bolton has abandoned that argument, see Timson, 518 F.3d at 874, and can show no reversible error.

2012).  To establish a <u>prima facie</u> case of retaliation, a plaintiff must show that she engaged in a statutorily-protected activity and suffered an adverse employment action that was causally related to the protected activity.  <u>Id</u>. at 1258.  Protected activities include the filing of a formal complaint, the voicing informally of a complaint to superiors, or the use of an employer's internal grievance procedure to report alleged discrimination.  <u>See Rollins v. Fla. Dep't of Law Enf't</u>, 868 F.2d 397, 400 (11th Cir. 1989).

Bolton has failed to demonstrate that she engaged in a statutorily-protected activity.  Bolton contends that the Board retaliated against her because she failed to register properly for the state-required certification tests and retaliated based on unspecified statements from Bolton's former employer.  Neither of these acts shows or constitutes statutorily-protected activity.  And nothing evidences that Bolton complained about the Board's alleged discrimination -- either formally or informally -- <u>before</u> Bolton's recommendation for employment was cancelled.[5] Because Bolton has failed to show that she engaged in a statutorily-protected activity or that the Board's failure to hire her full-time was causally related to a

---

[5] Although Bolton filed ultimately a complaint of race discrimination with the EEOC, she did so <u>after</u> the Board had already refused to hire her as a full-time teacher.  And Bolton makes no allegations that she suffered an adverse employment action after, or as a result of, her filing the EEOC complaint.

statutorily-protected activity, she has failed to establish a <u>prima facie</u> case of retaliation. Summary judgment was proper.

AFFIRMED.