[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14360
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-00156-LSC

WINNIE BAILEY,

Plaintiff-Appellant,

versus

HUNTSVILLE, CITY OF,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 25, 2013)

Before HULL, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Winnie Bailey, a female over the age of 50, appeals the district court's grant

of summary judgment in favor of the City of Huntsville, Alabama ("the City"), in

her counseled employment discrimination action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a); age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a); and retaliation under Title VII, 42 U.S.C. § 2000e-3(a), and the ADEA, 29 U.S.C. § 623(d).[1]  For the reasons set forth below, we affirm the district court's grant of summary judgment in favor of the City.

## I.

In January 2011, Bailey, who was previously a lieutenant with the City's Police Department ("the Department"), filed a three-count complaint against the City.  In Count 1, she claimed that the City discriminated against her on the basis of her gender, in violation of Title VII, when the City did not promote her in 2007 to fill either of two vacant captain positions in the Department ("2007 promotions"), and the City instead promoted two similarly-situated males, Rodney Baker and Mike Izzo, who were less qualified than her, for the positions.  In Count 2, she claimed that the City discriminated against her on the basis of her age, in violation of the ADEA, when the City (1) did not select her for the 2007 promotions and instead promoted Baker and Izzo, and (2) did not promote her in 2008 to fill another vacant captain position ("2008 promotion") and instead

---

[1] On appeal, Bailey does not address her age discrimination claims under the Alabama Age Discrimination in Employment Act, Ala. Code § 25-1-21, and thus, these claims are waived. *See Kelliher v. Veneman*, 313 F.3d 1270, 1274 n.3 (11th Cir. 2002) (providing that retaliation claim was waived where the appellant made no arguments on the merits of the claim on appeal).

promoted Sherry Jackson. Baker, Izzo, and Jackson were all younger than Bailey. Bailey also claimed that the City retaliated against her after she engaged in protected conduct concerning the filing of a 2007 grievance related to the promotion decisions under Title VII and the ADEA.

The City filed a summary judgment motion and argued that the district court should grant summary judgment in the City's favor as to all of Bailey's claims, and Bailey responded, opposing the City's motion. In a report and recommendation ("R&R"), a magistrate judge determined that, with respect to Bailey's retaliation claim, she had not shown that the denial of the 2008 promotion was causally related to the filing of her 2007 grievance because more than a year lapsed between the filing of her grievance and the time the promotion was effective. Thus, absent other evidence of causation, the significant passage of time between the protected activity and the adverse action caused Bailey's retaliation claim to fail as a matter of law. Next, the magistrate found that Bailey had established a *prima facie* case for gender discrimination as to the 2007 promotions, and age discrimination as to the 2007 and 2008 promotions. The magistrate determined that the City had articulated legitimate, non-discriminatory reasons for promoting other employees over Bailey and that Bailey, in her deposition testimony, had admitted some of the faults that motivated the City's decisions. The magistrate concluded that, although Bailey may have been a fine captain had she been promoted, she simply had not

3

shown that she was discriminated against when she was denied the promotions. Thus, the magistrate recommended that the district court grant summary judgment in favor of the City as to all of Bailey's claims.

Bailey objected to the magistrate's R&R, arguing that the magistrate incorrectly determined that the City had articulated legitimate, non-discriminatory reasons for its employment decisions and that she had failed to show pretext.  The district court reviewed the R&R and Bailey's objections to it, and the court adopted the R&R.  The court granted the City's motion for summary judgment.

## II.

We review a district court order granting summary judgment *de novo*, construing the facts in the light most favorable to the nonmoving party.  *Arrington v. Cobb Cnty.*, 139 F.3d 865, 871 (11th Cir. 1998).  A district court shall grant summary judgment where the evidence shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a).

## A.

On appeal, Bailey argues that the district court erred in determining that she had not established a *prima facie* case of retaliation, and she contends that she showed a causal link between her engagement in protected activity and an adverse employment action.  Bailey argues that she engaged in protected activity from the

4

time that she filed her 2007 grievance until June 2008, when the City Council denied her grievance, and she contends that she suffered an adverse employment action when Henry Joseph Reyes, who was the chief of police at the time of the relevant promotions, completed a requisition form for the next available captain position in July 2008, and posted the 2008 captain vacancy in August 2008. Thus, the temporal proximity between the denial of her 2007 grievance and Reyes's actions concerning the 2008 promotion established the causation element of her retaliation claim. Bailey also claims that she has shown direct causation as (1) the rationales Reyes offered to justify the promotions of Baker and Izzo conflicted with his rationales for the promotion of Jackson; (2) Reyes failed to take any action to investigate Bailey's claims of gender and age discrimination; and (3) Reyes was the decision maker as to all of the promotions at issue and was aware that a captain vacancy might not occur again for several years.

Title VII and the ADEA prohibit retaliation against an employee because she has opposed any practice made unlawful under the relevant statutes or has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d). To establish a *prima facie* case of retaliation under Title VII or the ADEA, a plaintiff must show that (1) she engaged in statutorily-protected activity, (2) she suffered a materially adverse action, and (3) some causal relationship

existed between the two events. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). We have adapted the principles of law applicable to Title VII retaliation cases to retaliation claims under the ADEA. *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 919 (11th Cir. 1993).

The filing of a grievance can constitute statutorily-protected activity, but only if the grievance alleges discrimination based upon a statutorily-protected ground. *See Rollins v. Fla. Dep't of Law Enforcement*, 868 F.2d 397, 400 (11th Cir. 1989) (providing that Title VII's anti-retaliation provision protects employees who utilize internal grievance procedures). In order to demonstrate that the plaintiff suffered a materially adverse employment action, the plaintiff must point to actions taken in retaliation against her that would have been materially adverse to a reasonable employee, which means that the employer's actions must be harmful to the point that they could dissuade a reasonable worker from making or supporting a charge of discrimination. *See Crawford v. Carroll*, 529 F.3d 961, 974 (11th Cir. 2008) (addressing a Title VII retaliation claim).

A plaintiff may prove causation by showing a close temporal proximity between the statutorily-protected activity and the adverse employment action. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (addressing a Title VII retaliation claim). However, mere temporal proximity, without more, must be "very close" to establish causation. *Id.* (quotation omitted). Where the

plaintiff presents no other evidence to show causation and there is a substantial delay between the protected expression and the adverse action, the complaint of retaliation fails as a matter of law. *Id.* For example, a three-to-four month disparity is not considered sufficiently close under our precedent. *Id.*

Here, we reject Bailey's argument that she was subject to a materially adverse employment action before September 2008, when Jackson was promoted to captain, as Bailey has not pointed to any events that could be considered materially adverse to a reasonable employee. *See Crawford*, 529 F.3d at 974. Further, the last date Bailey participated in the grievance process was April 9, 2008, when her attorney represented her at a hearing before the City Council concerning her grievance. In examining the time between April 9, 2008, and September 2008, Bailey has failed to show causation based on temporal proximity alone, as a five-month time lapse is considered too long under our precedent. *See Thomas*, 506 F.3d at 1364. Further, even if we were to use June 12, 2008, the date the City Council denied her grievance, as the last date she engaged in protected activity, the temporal proximity between this date and September 4, 2008, when Jackson's promotion became effective, is also not close enough to establish causation, as there is approximately a three-month gap between these dates. *Id.*

Bailey has not pointed to any other evidence of causation. Contrary to Bailey's argument, the fact that Reyes gave different rationales as to the 2007 and

7

2008 promotions does not illustrate that Bailey's actions concerning her 2007 grievance were related to her not being selected for the 2008 promotion. Rather, the captain position Reyes filled in 2008 was in the Administrative Bureau of the Department, whereas the captain vacancies in 2007 were in the Operations Bureau, and the applicants for the 2008 promotion were different. Thus, Reyes's reasons for why he selected Jackson over Bailey could reasonably change. Next, Reyes's failure to investigate her grievance does not constitute evidence of causation, as she does not explain what investigation he should have undertaken. Further, the evidence shows that Reyes participated in the grievance process, and thus, he allowed others to investigate his actions. Lastly, assuming, as Bailey argues, that another captain vacancy would likely not occur for some time after the 2008 promotion, this does not show that Bailey's involvement in the grievance process and Reyes's decision to select Jackson were related. Accordingly, as Bailey has failed to show causation between her engagement in statutorily-protected activity and the selection of Jackson over Bailey in 2008, the district court did not err in granting summary judgment in favor of the City as to Bailey's retaliation claim.

### B.

Bailey argues that the district court erred in determining that the City offered legitimate, non-discriminatory reasons for the challenged 2007 and 2008 employment decisions that were clear and reasonably specific, as required by *Tex.*

8

*Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 251-53, 101 S.Ct. 1089, 1092-93, 67 L.Ed.2d 207 (1981).  She contends that the City's reasons for its decisions to not promote Bailey were not supported by specific examples of criticism or discipline or by the evidence as a whole, as the applicants' performance evaluations and disciplinary records contradicted the City's rationales.  Bailey further argues that, even if the City satisfied its burden, she can show pretext because the City's rationales for not promoting her had no basis in fact and did not actually motivate the decision maker.  In support of her argument, she claims that Izzo's performance reviews and disciplinary history demonstrated that Bailey was far more qualified for promotion.  With respect to Reyes's asserted reasons for not selecting Bailey for the 2008 promotion, including that Jackson attended command school, Bailey contends that Baker and Izzo had not been to any command schools in 2007 when they were promoted to captain over Jackson.  Further, Baker and Izzo had not received any awards or commendations related to their supervisory abilities when they were promoted to captain over Jackson, who had received such awards and commendations.  Lastly, Bailey claims that her qualifications concerning the accreditation process were far superior to Jackson's qualifications.

Title VII prohibits an employer from discharging an employee, or otherwise discriminating against her with respect to her employment, on the basis of gender. 42 U.S.C. § 2000e-2(a)(1). Where a plaintiff presents no direct evidence that an

9

employer discriminated against her on the basis of her gender, the plaintiff may rely on the *McDonnell Douglas*[2] framework to establish her case through circumstantial evidence. *Burdine*, 450 U.S. at 251-53, 101 S.Ct. at 1092-93. Under the *McDonnell Douglas* framework, a plaintiff must first prove a *prima facie* case of discrimination by a preponderance of the evidence. *Id.* at 252-53, 101 S.Ct. at 1093. Where the plaintiff satisfies that burden, the employer must then produce a legitimate, non-discriminatory reason to explain the challenged action. *Id.* at 253, 101 S.Ct. at 1093. Should the defendant carry this burden, the plaintiff must then show that the defendant's proffered explanation was a pretext for discrimination. *Id.*

The ADEA prohibits employers from discharging an employee who is at least 40 years of age "because of" that employee's age. *See* 29 U.S.C. §§ 623(a)(1), 631(a). In *Gross v. FBL Fin. Servs., Inc.*, the Supreme Court held that the language "because of" in the ADEA statute means that a plaintiff must prove that discrimination was the "but-for" cause of the adverse employment action, and the Court stated that it had not definitively decided whether the *McDonnell Douglas* framework was appropriate in ADEA cases. 557 U.S. 167, 175-77 & n.2, 129 S.Ct. 2343, 2349-51 & n.2, 174 L.Ed.2d 119 (2009). Since *Gross*, we have reaffirmed that the evaluation of ADEA claims based on

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973).

circumstantial evidence under the *McDonnell Douglas* framework is appropriate, as the Supreme Court left open the question of whether this framework was appropriate. *See Sims v. MVM, Inc.*, No. 11-14481, manuscript op. at 9-12 (11th Cir. Jan. 17, 2013).

As to the second step under the *McDonnell Douglas* framework, the Supreme Court has held that the defendant's explanation of its legitimate reasons must be clear and reasonably specific for it to satisfy its burden, and thus, not all proffered reasons will be legally sufficient to rebut a *prima facie* case. *See Burdine*, 450 U.S. at 254-55, 258, 101 S.Ct. at 1094-96. A subjective reason is a legally sufficient reason where the employer articulates a clear and reasonably specific factual basis upon which it based its subjective opinion. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1034-35 (11th Cir. 2000) (*en banc*) (addressing an ADEA claim). We have recognized that personal qualities factor heavily into employment decisions concerning supervisory or professional positions. *Id.* at 1033-34. A defendant may not merely state that the employment decision was based on the hiring of the "best qualified" applicant, but must articulate specific reasons for that applicant's qualifications, such as seniority, length of service in the same position, personal characteristics, general education, or experience in comparable work. *See Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1075-76 (11th Cir. 2003) (addressing an ADEA discrimination claim).

11

In order to show pretext, the plaintiff must demonstrate that the proffered reason was not the true reason for the employment decision. *Brooks v. Cnty. Comm'n of Jefferson Cnty.*, 446 F.3d 1160, 1162-63 (11th Cir. 2006) (addressing a Title VII race-discrimination claim). An employee can show that the employer's articulated reasons were not believable by pointing to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the proffered explanation. *Id.* at 1163. However, a reason is still not pretext for discrimination unless it is shown both that the reason was false and that discrimination was the real reason. *Id.* In the context of a promotion, a plaintiff cannot prove pretext by simply arguing or even by showing that she was better qualified than the employee ultimately selected for the promotion. *Id.* Rather, a plaintiff must show that the disparities between the successful applicant's and her own qualifications were "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." *Id.* (quotation omitted). A plaintiff cannot show pretext by recasting an employer's proffered non-discriminatory reasons or substituting her business judgment for that of the employer's. *Chapman*, 229 F.3d at 1030. Rather, provided that the proffered reason is one that might motivate a reasonable employer, the plaintiff must meet the reason "head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Id.* We will not sit as a

12

"super-personnel department that reexamines an entity's business decisions." *Id.* (quotations omitted). Further, we will not second guess an employer's decision to emphasize qualifications over length of service. *Cofield v. Goldkist, Inc.*, 267 F.3d 1264, 1269 (11th Cir. 2001) (addressing a Title VII gender-discrimination claim and an ADEA claim).

As an initial matter, Bailey concedes in her reply brief that Baker was more qualified than she was for the 2007 captain position for which Baker was selected. Thus, she cannot show that the reason the City selected Baker over her for the 2007 promotion was pretextual, as the proffered reason for his selection—that he was better qualified for commanding the Special Operations Division—was the true reason for the employment decision. *See Brooks*, 446 F.3d at 1162-63. Thus, Bailey has failed to show pretext as to her gender and age discrimination claims concerning the 2007 promotion that Baker received, and the district court properly granted summary judgment in favor of the City as to these claims.

Next, Bailey argues that the City failed to carry its burden under *Burdine* by setting forth clear and reasonably specific reasons for why Izzo and Jackson were promoted over her in 2007 and 2008. However, with respect to the selection of Izzo and Jackson over Bailey, Reyes testified that he selected Izzo and Jackson, in light of their experience, as shown by their past assignments, and their leadership and decision-making skills, which were supported by their performance

evaluations.  Based on Reyes's testimony, we conclude that the City carried its burden of production under *Burdine*, as it clearly set forth the reasons for why it did not select Bailey and was not required to persuade the court that it was actually motivated by the proffered reasons.  *See Burdine*, 450 U.S. at 254-55, 258, 101 S.Ct. at 1094-96.

Bailey, however, failed to show that the City's reasons for selecting Izzo over herself with respect to the North Precinct commander position were pretextual.  As Reyes testified, Izzo had military experience and had been commended for his leadership skills within the military.  Izzo's military experience illustrated that he was a strong leader.  Reyes also testified that Izzo was knowledgeable as to the needs of the North Precinct, as he had been the shift commander in that precinct previously and had been successful in that position. He received strong and outstanding ratings on his performance evaluations, and although criticized at times concerning his supervisory skills, his evaluators consistently indicated that he had very strong leadership skills.  The criticism he received was also consistent with him being an assertive leader, a quality that Reyes indicated that he was searching for in a captain.  Further, although Bailey did receive an Outstanding Unit Citation concerning her work concerning traffic enforcement, Izzo had completed several successful initiatives in the areas of domestic violence and burglaries, all in the North Precinct.  Bailey also conceded

14

that, at times, she had difficulty completing paperwork, and Reyes had heard negative comments concerning Bailey's ability to become too involved in paperwork, rather than decision making.

Based on Izzo's military leadership commendations, which objectively demonstrated his strong leadership skills, his experience in the North Precinct, the evidence showing that his initiatives successfully reduced domestic violence and burglaries in the North Precinct, and evidence showing that Bailey had difficulties completing paperwork on time, we conclude that Bailey has failed to show that the disparities between her own qualifications were not "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." *Brooks*, 446 F.3d at 1163. Rather, although Bailey argues that her experience, lack of a disciplinary record, and higher evaluations made her more qualified for the position, she cannot show pretext by substituting her business judgment for that of the employer's. *Chapman*, 229 F.3d at 1030. Accordingly, we hold that Bailey has failed to show that Reyes's proffered reasons for selecting Izzo over her were a pretext for age and gender discrimination.

We also conclude that Bailey has failed to show pretext as to the proffered reasons for why Reyes selected Jackson over Bailey. Jackson's qualifications were similar to Bailey in terms of years of experience as lieutenants and accreditation

15

experience.  Further, Bailey's and Jackson's performance evaluations were similar.

However, Jackson had been specifically nominated to be the "Supervisor of the

Year" and received a "Top Cop" award, and Bailey had not received either award.

Moreover, Jackson had attended a senior-level command school, whereas Bailey

had not.  Although Bailey argues that she could not apply for a position at the

command school, as applicants were instead selected, there was evidence in the

record showing that applicants were selected where they were considered to be "up

and coming."  Thus, evidence that Jackson was selected over Bailey to attend a

command school and that Jackson successfully completed the eight-month

program shows that Jackson actually was more qualified than Bailey in this

respect, notwithstanding evidence that shows that Bailey would have attended such

a command school if offered the chance.

Further, although Reyes did not rely on the candidates' interviews as to the

2007 promotions, he did rely on the interviews for the 2008 promotion.  Reyes

testified that he was impressed with Jackson's enthusiasm, confidence, and desire

to continue moving up the ranks within the department during the 2008 interview,

and Jackson's answers to the questions during the interview, as compared to

Bailey's answers, support Reyes testimony.  Most importantly, Jackson had

experience that Bailey did not have, specifically, Jackson had worked in the

Records Division and in the Police Academy.  Reyes selected Jackson to fill the

16

position of Staff Services Commander, which involved supervising the Records Division and the Police Academy.  Bailey has failed to show that no reasonable employer would select Jackson over Bailey, where Jackson had this experience and Bailey did not.  Thus, in light of this evidence, Bailey has failed to show that Reyes's proffered reasons for selecting Jackson over Bailey were pretextual.  Bailey has also failed to show that age was the but-for cause of Izzo and Jackson being selected over Bailey for the 2007 and 2008 captain positions for the same reasons Bailey has failed to show pretext.  *See Gross*, 557 U.S. at 176-77, 129 S.Ct. at 2350-51.  Accordingly, the district court properly granted summary judgment in favor of the City as to Bailey's gender and age discrimination claims.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of the City.

**AFFIRMED.**