[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13819
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cv-01599-GAP-DCI

STACY TEBO,

Plaintiff-Appellant,

versus

CITY OF DEBARY, FLORIDA,
LEO DANIEL PARROTT,
individually and in his official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 3, 2019)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Stacy Tebo appeals the district court's grant of summary judgment in favor of her former employer, the City of DeBary, Florida (the City), and her former supervisor City Manager Leo Daniel Parrott, in her employment discrimination suit alleging gender discrimination and retaliatory discharge, in violation of 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), and the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.10(1) (2015).[1]  The City maintained it fired Tebo for insubordination and disloyalty, among other things, as documented in a termination letter she received from Parrott.  On appeal, she contends the district court erred in finding she did not establish pretext for her gender discrimination claim, and the district court incorrectly granted summary judgment on that basis.  She further contends the district court erred in granting summary judgment on her retaliation claim because a jury could infer Parrott fired her for writing a letter to the Equal Employment Opportunity Commission (EEOC) alleging gender discrimination.

After review,[2] we affirm the district court as to Tebo's claim of gender discrimination, but reverse and remand as to her retaliation claim.

---

[1] Tebo also raised other claims in her complaint, including hostile work environment and unequal pay.  However, she has abandoned those claims on appeal by not raising them in her brief.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

[2] We review *de novo* a grant of summary judgment.  *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006).  "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party."  *Id.* at 836-37.

I.  DISCUSSION

A.  *Gender Discrimination*

Title VII precludes employers from firing, or intentionally discriminating against, an employee "because of" her gender.  42 U.S.C. § 2000e-2(a).[3]  A Title VII discrimination claim that relies on circumstantial evidence is evaluated under the *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), burden-shifting framework.  *Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1255 (11th Cir. 2012).  Under this framework, once a plaintiff successfully establishes a *prima facie* case of discriminatory discharge, the burden then shifts to the employer to proffer a legitimate, non-discriminatory reason for its employment decision against the plaintiff.  *McDonnell Douglas Corp.*, 411 U.S. at 802.  If an employer offers such a legitimate reason, the burden shifts back to the plaintiff to show that the proffered reason is a pretext for discrimination.  *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997).

---

[3] Because claims under the FCRA are evaluated under the same analytical framework as Title VII claims, we discuss only Tebo's Title VII claims.  *See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998); *St. Louis v. Fla. Int'l Univ.*, 60 So. 3d 455, 458 (Fla. Dist. Ct. App. 2011).

Additionally, because we conclude the district court properly granted summary judgment as to Tebo's Title VII discrimination claims, we need not address her 42 U.S.C. § 1983 claim, as that claim is a parallel remedy to Title VII.  *See Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1508 (11th Cir. 1995) ("When section 1983 is used as a parallel remedy for violation of . . . Title VII, the elements of the two causes of action are the same.").

Here, assuming Tebo made a *prima facie* case of discriminatory discharge, she failed to show that the City's legitimate, non-discriminatory reasons for firing her were pretext for gender discrimination. The termination letter, and its addendum, identified several non-discriminatory reasons for Tebo's termination, all of which Parrott has maintained throughout the litigation were the actual basis for his decision. Specifically, the record demonstrates Parrott believed Tebo was trying to undermine him to other employees, the mayor, and the city council; provided false and misleading statements concerning an internal investigation into allegations against another city employee; failed to obey certain directives given to her by a supervisor; and used an unauthorized email account to send and receive official communications. Whether he—and, by extension, the City—was mistaken in these beliefs is not relevant to our inquiry, and it is not our role to determine whether Tebo was, for example, actually insubordinate. *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010) ("The inquiry into pretext centers on the employer's beliefs, not the employee's beliefs and, to be blunt about it, not on reality as it exists outside of the decision maker's head.").

Tebo failed to rebut these reasons head-on with evidence that they were false or that the decision to terminate her was made solely because of her gender. *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) ("[A] reason cannot be

4

proved to be 'a pretext *for discrimination*' unless it is shown *both* that the reason

was false, *and* that discrimination was the real reason."). Accordingly, we affirm

the district court's grant of summary judgment as to Tebo's gender-discrimination

claims.[4]

### B. Retaliation

Where, as here, a plaintiff uses circumstantial evidence to prove retaliation

under Title VII, we apply the same *McDonnell Douglas* burden-shifting approach

discussed above. *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir.

2010). The plaintiff bears the ultimate burden of proving retaliation by a

preponderance of the evidence and that the reason provided by the employer is a

pretext for prohibited retaliatory conduct. *Id.*

To establish a *prima facie* claim of retaliation under Title VII, a plaintiff

must prove that she: (1) engaged in statutorily protected activity; (2) suffered a

materially adverse action; and (3) there was some causal relation between the two

events. *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir.

2008). While the parties appear to agree Tebo suffered a materially adverse

---

[4] In her brief, Tebo argues, for the first time, that her complaint should have survived summary judgment because she presented a "convincing mosaic" of circumstantial evidence that created a triable issue as to Parrott's discriminatory intent. *See Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321 (11th Cir. 2011). However, because Tebo failed to raise this argument before the district court, it is waived on appeal. *See Bryant v. Jones*, 575 F.3d 1281, 1296 (11th Cir. 2009).

action—her termination—Appellees contest whether she has met the remaining two elements.  However, like the district court, we conclude Tebo set forth a *prima facie* case of retaliation.

Appellees argue Tebo did not engage in statutorily protected activity because her "informal complaint to the EEOC was not really a claim of discrimination," but part of her ongoing deliberate effort to undermine Parrott.  To the extent Appellees assert Tebo's letter to the EEOC is not protected activity because it was not a formal complaint, we have previously determined that informal complaints can constitute protected activity.  *See Rollins v. State of Fla. Dep't of Law Enforcement*, 868 F.2d 397, 400 (11th Cir. 1989) ("[T]he protection afforded by the statute is not limited to individuals who have filed formal complaints.").  As to Appellees' assertion that Tebo's letter is not protected because it was part of her ongoing insubordination, we do not find this argument compelling.  Appellees correctly note we have held that "the manner in which an employee expresses her opposition to an allegedly discriminatory employment practice must be reasonable."  *Id.* at 400-01.  But even assuming we agreed with Appellees that Tebo's general conduct toward and concerning Parrott was otherwise unreasonable, there is no indication that the specific activity at issue here—Tebo's informal complaint to the EEOC—was conducted in an unreasonable or disruptive manner.  *Id.*

6

Appellees also argue Tebo failed to show a causal connection between the protected activity and her termination because several intervening acts—specifically Tebo's actions identified in the termination letter—broke any causal link.  However, for purposes of determining whether Tebo has made a *prima facie* case, we conclude the close temporal proximity between Tebo's protected activity and her termination—the record indicates Parrott terminated Tebo a mere 32 days after receiving her informal complaint—is sufficient to satisfy the causation element.  *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) ("The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action.").

Having concluded Tebo established a *prima facie* case of retaliation, we turn to whether she offered sufficient evidence to create a jury issue as to whether Appellees' proffered reasons for Tebo's termination were pretext for retaliation. Viewing the evidence in the light most favorable to her, a jury could reasonably infer that Parrott retaliated against her after he was notified, on March 16, 2015, that she sent a letter to the EEOC alleging he had engaged in a pattern of discriminatory conduct.  As discussed above, the record shows close temporal proximity between the protected activity and her termination, indicating that the two were related.  Parrott admitted he learned of Tebo's letter to the EEOC on March 16, 2015, and began drafting her termination around the same time.  Within

7

three days of learning of Tebo's letter, Parrott had taken away one of her significant job duties and given it to another employee. Within 16 days, the city council stripped her of her job title and voted to replace her with Parrott, and within a month, Parrott fired her.

The district court found the temporal proximity "troubling" but ultimately concluded it was insufficient, on its own, to create a triable issue as to pretext. While it generally is true that temporal proximity, though relevant, is insufficient on its own to establish pretext, *see Jones v. Gulf Coast Health Care of Delaware, LLC*, 854 F.3d 1261, 1276 (11th Cir. 2017), here there is circumstantial evidence beyond the mere timing of Tebo's firing to suggest Parrott's proffered reasons for her termination were pretextual. In particular, we find it relevant that all the reasons for Tebo's firing listed in the termination letter arose from conduct that occurred—or, in the case of Tebo's unauthorized email account, was discovered— after Parrott learned of the EEOC complaint and began drafting the letter. From this a reasonable juror could conclude that Parrott was looking for reasons to fire Tebo after he learned of her letter to the EEOC. Accordingly, we reverse the district court's ruling granting summary judgment as to Tebo's retaliation claims and remand for further proceedings.

8

## II.  CONCLUSION

For the reasons discussed above, we affirm the district court's grant of summary judgment as to Tebo's gender discrimination claims, but reverse and remand as to her retaliation claims.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**