In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1166

MICHAEL A. BENES,

*Plaintiff-Appellant,*

*v.*

A.B. DATA, LTD.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 10-CV-1092—**Patricia J. Gorence**, *Magistrate Judge*.

ARGUED JULY 9, 2013—DECIDED JULY 26, 2013

Before EASTERBROOK, *Chief Judge*, and POSNER and
WILLIAMS, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. After working at A.B. Data
for four months, Michael Benes charged the firm with
sex discrimination. The EEOC arranged for mediation
in which, after an initial joint session, the parties
separated and a go-between relayed offers. In a separate-
room mediation, each side (including attorneys and
assistants) stays in its own room. The intermediary

shuffles between rooms. Many mediators believe that this approach prevents tempers from erupting, allows each side to discuss its own position candidly without the adversary's presence, and facilitates careful deliberation and compromise. But on receiving a settlement proposal that he thought too low, Benes stormed into the room occupied by his employer's representatives and said loudly: "You can take your proposal and shove it up your ass and fire me and I'll see you in court." Benes stalked out, leaving the employer's representatives shaken. Within an hour A.B. Data accepted Benes's counterproposal: it fired him. He replied with this suit under 42 U.S.C. §2000e–3(a), the anti-retaliation provision of Title VII of the Civil Rights Act of 1964. His claim of sex discrimination has been abandoned.

A magistrate judge, presiding by consent under 28 U.S.C. §636(c), granted A.B. Data's motion for summary judgment. The judge concluded that Benes had been fired for misconduct during the mediation, not for making or supporting a charge of discrimination—and §2000e–3(a) bans only retaliation "because [a person] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter". The difference would be clear if Benes had punched or shot the employer's representatives, and we think that it would be equally clear if he had resorted to slander (say, accusing one representative of being a pedophile). That his misconduct was a less-

serious breach of the mediation protocol does not matter under the statutory language.

It was Benes who sabotaged the mediation session by barging into the other side's room. Put to one side what he said there. Mediation would be less useful, and serious claims of discrimination therefore would be harder to vindicate, if people could with impunity ignore the structure established by the mediator. Allowing a sanction against a person who by misconduct wrecks a mediation will promote the goals of §2000e–3(a). Benes has not cited any case holding that misconduct during a mediation must be ignored. Many cases show that misconduct during litigation may be the basis of sanctions (by the court, if not by another litigant). See, e.g., *BE&K Construction Co. v. NLRB*, 536 U.S. 516, 537 (2002); *In re Mann*, 311 F.3d 788 (7th Cir. 2002). We cannot see why misconduct during mediation should be consequence free. Judges do not supervise mediation, which makes it all the more important that transgressions be dealt with in some other fashion.

There is another way to see why Benes must lose. Section 2000e–3(a) does not forbid *all* responses to the filing of charges (and the procedures used to resolve them). It forbids only those that would dissuade a reasonable worker from making or supporting a charge of discrimination. *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 67–70 (2006). The prospect of being fired for an egregious violation of a mediator's protocols would not discourage a reasonable worker from making a charge of discrimination or from participating in the

EEOC's investigation. Just as sanctions for misconduct in court discourage the misconduct, rather than the filing of suits, so sanctions for misconduct in mediation do not discourage the filing or pursuit of charges. Penalties discourage the thing being penalized. We grant that the prospect of a penalty reduces, if only slightly, the expected value of the litigation, but this effect is tiny for a person who plans to behave civilly.

We wrote in *Hatmaker v. Memorial Medical Center*, 619 F.3d 741, 745 (7th Cir. 2010), that "participation [in a firm's internal investigation of a charge] doesn't insulate an employee from being discharged for conduct that, if it occurred outside an investigation, would warrant termination." Lies and defamation during an investigation are unprotected. *Hatmaker* rejected the argument that the statutory phrase "participated in any manner in an investigation" means "participated using any method or tactic"; the phrase refers to the capacity in which a person participates, not to the participant's (mis)conduct. *Id.* at 746.

Our approach in *Hatmaker* is equally apt for conduct during a mediation sponsored by the EEOC. If A.B. Data would have fired a person who barged into his superior's office in violation of instructions, and said what Benes did, then it was entitled to fire someone who did the same thing during a mediation. See also *Formella v. Department of Labor*, 628 F.3d 381, 391–93 (7th Cir. 2010); *Kahn v. Secretary of Labor*, 64 F.3d 271, 279 (7th Cir. 1995). And Benes does not contend that A.B. Data would have tolerated conduct like his, had it

occurred at work. If it did nothing else, the incident demonstrated Benes's hotheaded inability or unwillingness to follow instructions about important matters.

Title VII covers investigation and litigation in the same breath. Since §2000e–3(a) does not create a privilege to misbehave in court, it does not create a privilege to misbehave in mediation. The judgment of the district court therefore is

AFFIRMED.