# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

LEAMON D. BRINSON,
      Appellant,

      v.

DEPARTMENT OF THE NAVY,
      Agency.

DOCKET NUMBER
DC-0752-14-1129-B-1

DATE: September 8, 2023

Steve M. Fesler, Sykesville, Maryland, for the appellant.

Ray Goldstein and Nikki Greenberg, Washington Naval Yard, D.C., for the
      agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Vice Chairman Harris issues a separate opinion.
Member Limon issues a separate opinion.

## ORDER

¶1      The appellant has filed a petition for review which sustained his removal for misconduct. The two Board members cannot agree on the disposition of the petition for review. Therefore, the initial decision now becomes the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1200.3(b) (5 C.F.R. § 1200.3(b)). This decision shall not be considered as precedent by the Board in any other case. 5 C.F.R. § 1200.3(d).

## NOTICE OF APPEAL RIGHTS[1]

You may obtain review of the final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of the final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[1] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of the final decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[2] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[2] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.

SEPARATE OPINION OF VICE CHAIRMAN CATHY A. HARRIS

in

*Leamon D. Brinson v. Department of the Navy*

MSPB Docket No. DC-0752-14-1129-B-1

¶1     For the reasons discussed below, I would grant the appellant's petition for review, reverse the initial decision, and not sustain his removal.

¶2     The appellant was a WG-11 Electronic Industrial Controls Mechanic whom the agency suspended for 30 days on charges of insubordination and disrespectful conduct. *Brinson v. Department of the Navy*, MSPB Docket No. DC-0752-14-0424-I-1, Appeal File (0424 AF), Tab 1 at 7-10. The appellant filed a Board appeal and raised some affirmative defenses, including an affirmative defense of age discrimination. 0424 AF, Tab 1 at 2, Tab 5 at 3, Tab 19 at 2. During discovery in those proceedings, the appellant, proceeding pro se, deposed his fifth-level supervisor, a Navy Commander and Public Works Officer. 0424 AF, Tab 4 at 3; *Brinson v. Department of the Army*, MSPB Docket No. DC-0752-14-1129-I-1, Initial Appeal File (IAF), Tab 1 at 27-37. During the deposition questioning, the appellant called the Commander "a snake" and "an outright liar," and he suggested that the Commander had "short man syndrome" or "little man syndrome." IAF, Tab 10 at 33-34, 36.

¶3     While the suspension appeal was still pending, the agency proposed to remove the appellant for his conduct during the Commander's deposition.[1] *Id.* at 23-26. The proposal was based on a charge of disrespectful conduct, with three specifications, referring to the "snake," "outright liar," and "little man" comments respectively. *Id.* at 23-24. The deciding official sustained the charge and removed the appellant effective August 27, 2014. *Id.* at 4-10.

---

[1] The administrative judge ultimately affirmed the suspension in an initial decision that became final when neither party petitioned for review. 0424 AF, Tab 23.

¶4    The appellant filed the instant Board appeal, arguing among other things that the agency was not permitted to remove him for conduct in which he engaged during the course of protected activity.  IAF, Tab 1 at 6, Tab 15 at 5, Tab 20 at 6-11.  After the close of the record, the administrative judge issued an initial decision sustaining the removal.  IAF, Tab 25, Initial Decision (ID).  He analyzed the appellant's argument in the context of the charge and found that the appellant was not immunized from discipline for his disrespectful conduct merely because he committed it during litigation before the Board.  ID at 5-10.

¶5    The appellant petitioned for review, and the Board remanded the appeal for the administrative judge to adjudicate the appellant's argument as an affirmative defense under 5 U.S.C. § 2302(b)(9)(A)(ii) (reprisal for the exercise of appeal rights other than with regard to whistleblower reprisal).  *Brinson v. Department of the Navy*, MSPB Docket No. DC-0752-14-1129-I-1, Petition for Review File, Tab 1, Tab 6 (Remand Order).  On remand, consistent with the Board's instructions, the administrative judge advised the appellant of his burden of proving this affirmative defense under the standard set forth in *Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986).  *Brinson v. Department of the Army*, MSPB Docket No.DC-0752-14-1129-B-1, Remand File (RF), Tab 3 at 2.  After the close of the record, the administrative judge issued a new initial decision again sustaining the removal.  RF, Tab 20, Remand Initial Decision (RID).  The administrative judge found that the appellant failed to prove his affirmative defense of retaliation under 5 U.S.C. § 2302(b)(9)(A)(ii), and he incorporated the remainder of his findings from the previous initial decision.  RID at 6-11.

¶6    The appellant has filed a petition for review, disputing the administrative judge's analysis of his retaliation claim and making several additional arguments about the proceedings on remand.  *Brinson v. Department of the Army*, MSPB Docket No.DC-0752-14-1129-B-1, Remand Petition for Review (RPFR) File, Tab 1.  The agency has filed a response.  RPFR File, Tab 3.

¶7 In its Remand Order, the Board identified 5 U.S.C. § 2302(b)(9)(A)(ii) as the relevant clause under which to consider the appellant's affirmative defense of retaliation for his prior Board appeal. Remand Order, ¶¶ 10, 13-17. This was incorrect. As stated above, the appellant's suspension appeal contained an affirmative defense of age discrimination under 5 U.S.C. § 2302(b)(1)(B). Therefore, his prior Board appeal was protected under that clause, and a claim of retaliation for filing that appeal is subject to the standards of 29 U.S.C. § 633a. *See Gomez-Perez v. Potter*, 553 U.S. 474, 491 (2008) (holding that 29 U.S.C. § 633a(a) prohibits retaliation against a Federal employee who complains of age discrimination); *Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶ 3 n.2 (2013) (stating that a claim of retaliation for equal employment opportunity (EEO) activity is cognizable under 5 U.S.C. § 2302(b)(1)), *aff'd*, 589 F. App'x 972 (Fed. Cir. 2014); *Davis v. Department of Housing and Urban Development*, EEOC Appeal No. 01903228, 1990 WL 1109796 (Dec. 7, 1990) (holding that a mixed-case Board appeal with claims of discrimination under Title VII constituted protected activity for purposes of a Title VII reprisal claim); *see also* 29 C.F.R. § 1614.101(b) (providing that no person shall be subject to retaliation for participating in any stage of administrative proceedings under the Age Discrimination in Employment Act (ADEA)). To prove a claim of retaliation under the ADEA, an appellant must show that his protected activity was a motivating factor in the agency's action, although he may only be entitled to full relief if his protected activity was also a but-for cause of that action. *Babb v. Wilkie*, 140 S. Ct. 1168, 1173-74, 1177-78 (2020); *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 21-22.

¶8 Although neither party has specifically briefed this issue, the record is fully developed, the material facts are not in dispute, and the outcome required under the law is clear. Therefore, in the interests of administrative efficiency, it would be appropriate to make a ruling on the matter at this time. *See Warren v. Department of Defense*, 87 M.S.P.R. 426, ¶ 9 (2001).

¶9    The Equal Employment Opportunity Commission (EEOC) has taken the position that participation in EEO activity, including participation in claims of age discrimination under the ADEA, enjoys broad protection, and that such protection is not limited by the content or manner of the participation.  EEOC Enforcement Guidance on Retaliation and Related Issues, Notice 915.004, 2016 WL 4688886, at *5-*7 (Aug. 25, 2016) (Enforcement Guidance).  Nothing in the statute limits protections to participation conducted in a certain manner.  *See* 29 U.S.C. § 633a(a) (providing that Federal employment "shall be made free from any discrimination based on age"); *cf.* 29 U.S.C. § 623(d) (prohibiting retaliation against private sector employees who have participated in ADEA proceedings "in any manner").  The EEOC agrees with the several circuits that have held that an employer is prohibited from disciplining an employee for bringing even a false or malicious charge of discrimination or from engaging in unreasonable conduct during the course of such proceedings.[2]  *Id.*; *Jazmine F. v. Department of Defense*, EEOC Petition No. 0320170007, 2023 WL 4653604, at *6-*7 (July 5, 2023); *Verrett v. U.S. Postal Service*, EEOC Appeal No. 01841488, 1985 WL 569353 (Nov. 13, 1985); *see, e.g.*, *Glover v. South Carolina Law Enforcement Division*, 170 F.3d 411, 414 (4th Cir. 1999); *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1186-87 (11th Cir. 1997); *Sias v. City Demonstration Agency*, 588 F.2d 692, 695 (9th Cir. 1978); *Pettway v. American Cast Iron Pipe Co.*, 411 F.2d 998, 1007-08 (5th Cir. 1969).  The Board must defer to the EEOC on this matter of substantive discrimination law.  *See Pridgen*, 2022 MSPB 31, ¶ 40.  The appellant's conduct toward the Commander during the deposition may have been disrespectful, but this does not remove his conduct

---

[2] The U.S. Courts of Appeal for the Seventh and Eighth Circuits have rejected the EEOC's position on this issue.  *E.g.*, *Gilooly v. Missouri Department of Health and Senior Services*, 421 F.3d 734, 740 (8th Cir. 2005); *Matson v. Caterpillar, Inc.*, 359 F.3d 885 (7th Cir. 2004).  Notwithstanding this circuit split, the Board is obliged to follow the EEOC on this matter of substantive discrimination law.  *Pridgen*, 2022 MSPB 31, ¶ 40.

from the broad protections of the statute.[3] We must be mindful that attacks on the credibility of a witness are an essential aspect of cross examination, are at times necessary to prove pretext in discrimination and retaliation cases, and are a part of our adversarial adjudication process. Although there may be more elegant or effective ways to do so than directly calling a witness a "liar," the statute still protects such activity in this context. Furthermore, parties must be permitted to develop their theories of the case and pursue their own litigation strategies. This is particularly true for pro se appellants, to whom the Board generally affords a measure of latitude in conducting their appeals.

¶10        The Member would find that the appellant's statements were not "a legitimate exercise of his right to vigorously cross examine a witness." Member's Separate Opinion, ¶ 8. However, judgments about the motives of an appellant's actions have no place in participation clause jurisprudence. *See Glover*, 170 F.3d at 414-16; *Jarvis M. v. Department of Health and Human Services*, EEOC Petition No. 0320170006, 2023 WL 4653539, at \*4 (July 5, 2023). The Member also cites to several cases for the proposition that an employer may discipline an employee for the manner in which he conducts protected activity. Member's Separate Opinion, ¶ 10. However, I am not persuaded that any of this case law would support the imposition of discipline against this appellant. These are mainly opposition clause cases. *Rollins v. State of Fla. Department of Law Enforcement*, 868 F.2d 397 (11th Cir. 1989); *Pendleton v. Rumsfeld*, 628 F.2d 102 (D.C. Cir. 1980); *Rosser v. Laborers' Int'l Union Local No. 438*, 616 F.2d 221 (5th Cir. 1980); *Hochstadt v. Worcester Foundation for Experimental Biology*, 545 F.2d 222 (1st Cir. 1976). Unlike

---

[3] Although the protections afforded by the anti-retaliation laws administered by the EEOC are "exceptionally broad," *Pettway*, 411 F.2d at 1006 n.18, the EEOC has not held that they are without limit. For instance, we are aware of no case in which the EEOC or any court has found that an employer was prohibited from taking a personnel action against an employee who made threats or committed acts of violence during the course of EEO proceedings.

activity protected under the participation clause, activity protected under the opposition clause must be conducted in a "reasonable" manner. *Netter v. Barnes*, 908 F.3d 932, 937-38 (4th Cir. 2018); *Johnson v. Frost*, EEOC Appeal No. 11980023, 2001 WL 1353704, at *6 (June 28, 2001). Of the two participation clause cases, one of them concerns the discipline of an EEO manager for the manner in which he advanced a charge of discrimination. *Whatley v. Metropolitan Atlanta Rapid Transit Authority*, 632 F.2d 1325 (5th Cir. 1980). *Whatley* presents a unique situation not present here, in which participation and job duties overlap. Notwithstanding the broad sweep of the participation clause, I would not support an interpretation of the law that would insulate an EEO specialist from discipline for malfeasance in office, but that does not change my opinion about how the participation clause should apply to the facts of the instant appeal. In the other participation clause case, the Board upheld an appellant's removal for unlawfully accessing and disclosing employee records to support his discrimination complaint. *Williams v. Social Security Administration*, 101 M.S.P.R. 587, ¶ 13 (2006). I agree that unlawful conduct is not protected by the ADEA, *see Netter*, 908 F.3d at 939, but discourtesy toward a deponent is not unlawful. As far as I can tell, among jurisdictions that have adopted the *Pettway* rule, there is no precedent closely resembling the situation with which the Board is presented here, i.e., disrespectful behavior by a litigant in the context of pro se representation. The Member and I have, I believe, both approached this issue correctly by extrapolating from the general principles set forth in the statutes, case law, and official guidance. Nevertheless, we cannot reconcile our judgment on the ultimate question of how those principles should apply to these particular facts.

¶11 To be clear, I do not condone disrespectful behavior by a party or his representative towards any witness in a Board appeal, whether the appeal involves a claim of discrimination or not. However, as the EEOC observes, misconduct during the course of legal proceedings is normally addressed within the context of

those proceedings by the tribunal under whose authority the proceedings are being conducted. Enforcement Guidance, 2016 WL 4688886, at *6. In a Board appeal, consequences for misbehavior by a party or representative include adverse rulings and sanctions, up to and including dismissal of the appeal. *See* 5 C.F.R. § 1201.43. In this case, the agency's representative acted appropriately by objecting to the manner of the appellant's questioning and ultimately threatening to halt the deposition if the appellant continued in this way. IAF, Tab 10 at 33-34, 36. As the agency did not move for sanctions, this was apparently sufficient to resolve the issue, and that should have been the end of it. The agency's decision to continue the dispute outside the courtroom by taking an adverse employment action against the appellant was per se retaliation under 29 U.S.C. § 633a(a), which is a prohibited personnel practice under 5 U.S.C. § 2302(b)(1). *See Pettway*, 411 F.2d at 1007-08; *Verrett*, 1985 WL 569353, at *5. By the very terms of the agency's decision letter, the appellant's protected activity was a but-for cause of his removal. IAF, Tab 10 at 4-10. For these reasons, I would not sustain the action.[4] *See* 5 U.S.C. § 7701(c)(2)(B).

/s/
_____
Cathy A. Harris
Vice Chairman

---

[4] Having decided the appeal on these grounds, I would not reach the remainder of the appellant's arguments on review.

SEPARATE OPINION OF MEMBER RAYMOND A. LIMON

in

*Leamon D. Brinson v. Department of the Navy*

MSPB Docket No. DC-0752-14-1129-B-1

¶1 For the reasons explained below, I agree with the administrative judge's initial decision that sustained the appellant's removal and found that he failed to prove his affirmative defenses, and I would deny his petition for review.

¶2 The appellant was employed as an Electronics Industrial Controls Mechanic, WG-2606-11, working for the agency's Naval Facilities Engineering Command (NAVFAC) Washington in Dahlgren, Virginia. He worked at the after-hours trouble desk for the agency's Public Works Department, where he responded to requests for maintenance assistance from civilian and military personnel located at the South Potomac installations in Indian Head, Maryland and Dahlgren, Virginia.

¶3 Effective February 1, 2014, the agency suspended the appellant for 30 days based on three charges of misconduct. The charges included seven specifications of Disrespectful Conduct toward the Commander of NAVFAC Washington's South Potomac division, the appellant's fifth-line supervisor, and two specifications of Insubordination for willfully and intentionally refusing to obey the Commander's orders. *Brinson v. Department of the Navy*, MSPB Docket No. DC-0752-14-0424-I-1, Appeal File (0424 AF), Tab 8 at 24-28, 37-43. The appellant filed a Board appeal, pro se, and raised several affirmative defenses, including age discrimination. 0424 AF, Tab 15 at 4, Tab 19 at 5. While conducting discovery during the appeal, the appellant deposed the Commander. It is undisputed that, during the deposition questioning, the appellant called the Commander "a snake" and "an outright liar," and he posed questions suggesting that the Commander had "short man syndrome" or "little man syndrome."

*Brinson v. Department of the Navy*, MSPB Docket No. DC-0752-14-1129-I-1, Initial Appeal File (IAF), Tab 10 at 33-34, 36.

¶4        The agency proposed to remove the appellant for his conduct during the Commander's deposition. *Id.* at 23-26. The proposal was based on a charge of Disrespectful Conduct for making the specific comments during the deposition noted above. The deciding official sustained the charge and removed the appellant effective August 27, 2014. *Id.* at 4-10. The appellant filed the instant Board appeal arguing that the agency was not permitted to remove him for conduct in which he engaged during the course of protected activity. IAF, Tab 1 at 6, Tab 15 at 5, Tab 20 at 6-11. After the close of the record, the administrative judge issued an initial decision sustaining the removal. IAF, Tab 25, Initial Decision (ID). He found that the appellant was not immunized from discipline for his disrespectful conduct merely because he committed it during litigation before the Board. ID at 5-10.

¶5        The appellant petitioned for review and the Board remanded the appeal, finding that the administrative judge must adjudicate the appellant's argument that he could not be disciplined for conduct that occurred during protected activity as an affirmative defense under 5 U.S.C. § 2302(b)(9)(A)(ii) (reprisal for the exercise of appeal rights other than with regard to whistleblower reprisal). *Brinson v. Department of the Navy*, MSPB Docket No. DC-0752-14-1129-I-1, Petition for Review File, Tab 1, Tab 6 (Remand Order). On remand, consistent with the Board's instructions, the administrative judge advised the appellant of his burden of proving this affirmative defense under the standard set forth in *Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986). *Brinson v. Department of the Army*, MSPB Docket No. DC-0752-14-1129-B-1, Remand File (RF), Tab 3 at 2. After the close of the record, the administrative judge issued a new initial decision, again sustaining the removal. RF, Tab 20, Remand Initial Decision (RID). The administrative judge found that the appellant failed to prove his affirmative defense of retaliation under 5 U.S.C.

§ 2302(b)(9)(A)(ii), and he incorporated the remainder of his findings from the previous initial decision. RID at 6-11.

¶6     In his petition for review of the new initial decision, the appellant asserts that the administrative judge erred in ruling that he could be removed for his comments made while engaging in protected activity. *Brinson v. Department of the Army*, MSPB Docket No. DC-0752-14-1129-B-1, Remand Petition for Review (RPFR) File, Tab 1.[1]  The agency has filed a response to the petition. RPFR File, Tab 3.

¶7     First, for the reasons stated in the Vice Chairman's separate opinion, I agree that the appellant's allegation that the agency's removal action was taken in retaliation for his prior Board appeal should have been adjudicated as a claim of retaliation for raising age discrimination. Accordingly, in order to obtain full relief for a claim of retaliation for protected activity under the Age Discrimination in Employment Act, the appellant must show that the protected activity was a but-for cause of the removal action. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 21-22.

¶8     I further agree with the Vice Chairman that participation in claims arising under employment discrimination statutes generally enjoys broad protection, and that employees engaging in such protected activity must be allowed leeway for robust advocacy, including a full and fair opportunity to challenge the credibility of witnesses. Nonetheless, I am not convinced that under the facts of this case the appellant's conduct during his deposition of the Commander falls within this broad protection, nor do I believe the charged conduct can be characterized as a legitimate exercise of his right to vigorously cross examine a witness while

---

[1] The appellant also makes several other arguments in his petition, including that the administrative judge failed to rule on his motion to enter into evidence the Board's record from his appeal of the 30-day suspension and that the administrative judge was biased against him. RPFR File, Tab 1.  I have considered these arguments and would find that they provide no basis to disturb the Remand Initial Decision.

prosecuting his appeal. In this regard, I would find that the conduct at issue in this case, including calling him a "snake" or suggesting that the Commander had "short man syndrome" or "little man syndrome," was not protected by any anti-discrimination or anti-retaliation statute.

¶9        As pointed out by the Vice Chairman, the Equal Employment Opportunity Commission (EEOC) has not held that the protections afforded by the anti-retaliation laws it administers are without limit. Moreover, the courts have recognized that misconduct committed during litigation alleging employment discrimination is not protected under the anti-retaliation laws despite the fact that it occurred while the employee was engaging in protected activity. In *Benes v. A.B. Data, Ltd.*, 724 F.3d 752, 753-54 (7th Cir. 2013), for example, the plaintiff alleged that his firing was in retaliation for his prior sex discrimination claim because the action was based on his behavior during an EEOC-arranged mediation session. The court rejected this argument, finding that participation in protected activity "doesn't insulate an employee from being discharged for conduct that, if it occurred outside [that activity], would warrant termination." *Id.* at 754 (citing *Hatmaker v. Memorial Medical Center*, 619 F.3d 741, 745 (7th Cir. 2010)).

¶10        In *Whatley v. Metropolitan Atlanta Rapid Transit Authority*, 632 F.2d 1325, 1328-29 (5th Cir. 1980), the plaintiff alleged that he was asked to resign from his Equal Opportunity Compliance Officer position in retaliation for his protected activity, which consisted of filing a charge of discrimination with the Federal agency funding the defendant's operations on behalf of an employee of the defendant.[2] The court affirmed the trial court's determination that the defendant had articulated a valid business reason for the action, i.e., that the action was based on the manner in which the plaintiff had handled the discrimination

---

[2] The plaintiff's supervisor had instructed him to inform the employee that she could file a discrimination claim with the EEOC or mail it to the funding agency. *Whatley*, 632 F.2d at 1327.

complaint and not the fact that he had processed it. *Id.* The court concluded that the plaintiff's conduct was not protected from consequence by the anti-retaliation laws. *Id.* at 1329. A number of other circuit court and Board decisions stand for the same proposition. *See, e.g.*, *Rosser v. Laborers' Int'l Union Local No. 438*, 616 F.2d 221, 223 (5th Cir. 1980); *Rollins v. State of Fla. Department of Law Enforcement*, 868 F.2d 397, 401 (11th Cir. 1989); *Pendleton v. Rumsfeld*, 628 F.2d 102, 108 (D.C. Cir. 1980); *Hochstadt v. Worcester Foundation for Experimental Biology*, 545 F.2d 222, 231 (1st Cir. 1976). *See also Williams v. Social Security Administration*, 101 M.S.P.R. 587, ¶ 13 (2006) (finding that the anti-retaliation provisions of Title VII do not shield an employee from discipline for improperly obtaining and disclosing confidential documents for use in an EEOC proceeding); *Bonanova v. Department of Education*, 49 M.S.P.R. 294, 300 (1991) (stating that not all conduct related to an employee's opposition to discrimination is immune from discipline).

¶11    I believe that the type of conduct at issue in this case, name-calling and goading of a management official, similarly falls outside of the statutory protections. I agree with the administrative judge's determination that the appellant is not immune from discipline simply because his transgressions occurred while he was examining the Commander during a deposition. The administrative judge gave careful and thorough consideration to the evidence bearing on the appellant's retaliation claim and made appropriate credibility determinations, and I agree with his finding that the appellant failed to refute the evidence that the removal action was taken because of the charged conduct, and not because it was committed while the appellant was participating in protected activity. Although the administrative judge analyzed the retaliation claim under the *Warren* test, instead of considering it under the but-for standard set out in *Pridgen*, his conclusion that the appellant failed to show that the agency removed him because of his participation in protected activity is fully supported by the

record, and I would find that he failed to show that his protected activity was a but-for cause of the agency's action.

¶12    For the reasons stated above, I would affirm the initial decision, sustain the appellant's removal, and deny his affirmative defenses.

/s/
_____
Raymond A. Limon
Member